# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CURTIS L. MILLS,

    **Plaintiff,**

 v.            Case No. 19-CV-695

MILWAUKEE COUNTY JAIL,

    **Defendant.**

## ORDER

On July 3, 2019, the court screened *pro se* plaintiff Curtis L. Mills's complaint and directed him to file an amended complaint clarifying his claims. (ECF No. 10). The court gave Mills until August 2, 2019, to file an amended complaint and warned him that, if he failed to timely file an amended complaint, the court would dismiss his case without prejudice. Mills not having filed an amended complaint by August 20, 2019, the court dismissed his case without prejudice. (ECF No. 12).

On August 29, 2019, Mills filed a proposed amended complaint and included a request to reopen the case due to filing errors. (ECF No. 14.) At the time, Civil Local Rule 41(c) allowed plaintiffs to petition for reinstatement within 21 days of dismissal. As such, the court will construe Mills's proposed amended complaint as a motion to reopen the case. Because Mills' proposed amended complaint does not state a claim upon which relief can be granted, the court will deny the motion to reopen the case.

In his proposed amended complaint, Mills alleges he was placed in segregation at the Milwaukee County Jail due to a "keep separate" order. Mills was in segregation from January 1, 2019 until February 10, 2019. During his time in segregation, Mills states he was not allowed contact with his lawyer, was confined to his cell 23 hours a day, and was not allowed access to the canteen. He claims that his placement in segregation violates his Fourteenth Amendment Due Process rights.

In his proposed amended complaint, Mills does not state whether he is a pretrial detainee or a convicted prisoner. That information is relevant because a pretrial detainee is subject to a different standard when considering his placement in segregation. A review of Mills's records on Wisconsin Circuit Court Access, https://wcca.wicourts.gov, indicates that he was not a pretrial detainee when placed in segregation, having been convicted of First Degree Child Sexual Assault and related lesser charges on December 12, 2018.

As such, because Mills had been convicted when he was placed in segregation, to state a claim that his placement violated his Due Process rights he must show that he had a protected liberty interest in avoiding segregation. *Haraway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). A plaintiff generally does not have a protected liberty interest in remaining in the general prison population unless his placement in segregation "imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *see also Grey v. Taylor*, 714 F.Supp.2d 903, 910 (N.D. Ill 2010). The court should consider both the length of time in segregation and the conditions

of segregation. *Haraway*, 734 F.3d at 743 (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). A plaintiff does not have a liberty interest where his stay in segregation was relatively short and he has not alleged "that he suffered any significant psychological or other injury from" his stay. *Kervin v. Barnes*, 787 F.3d 833, 837 (7th Cir. 2015).

Mills states that he was placed in segregation due to a "keep separate" order. His stay was approximately five weeks. To state a due process claim, he must allege that the conditions he endured in segregation imposed a significant hardship. He has not done so. While he notes that he was in his cell for 23 hours a day, he does not allege that this caused a psychological or other injury.

Also, Mills' allegations of being denied access to his attorney during his time in segregation does not constitute a significant hardship or a standalone claim that he was denied access to the courts. To state a claim for denial of access to the courts, a plaintiff must allege that the denial created "an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F,3d 664, 671 (7th Cir. 2009). Mills simply states he wasn't allowed to see his attorney but does not explain how this impacted his ability to pursue his legal interests.

Allowing Mills to reopen his case and file the proposed amended complaint would be futile because the amended complaint would not survive a motion to dismiss for failure to state a claim. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). The court, therefore, will deny the motion to reopen the case.

3

**IT IS, THEREFORE, ORDERED** that Mills's motion to reopen the case and file the proposed amended complaint (ECF No. 14) is **DENIED**.

Dated at Milwaukee, Wisconsin this 26th day of September, 2019.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge